COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-214-CR

 

 

JEREMIAH STEVENSON                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jeremiah Stevenson
entered an open plea of guilty to the charge of aggravated robbery with a
deadly weapon.[2]  A jury assessed punishment at fourteen years= confinement, and the trial court sentenced Stevenson accordingly.

Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
Counsel=s brief and
motion meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief and referencing any grounds that might
arguably support the appeal.[4]  Stevenson has also filed a pro se brief,
arguing that the trial court erred by admitting hearsay evidence.








As the reviewing court, we
must conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.[5]  Only then may we grant counsel=s motion to withdraw.[6]  Because Stevenson entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Stevenson=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[7]

We have carefully reviewed
the record, counsel=s brief, and
appellant=s pro se
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.[8]  We therefore grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

 

 

PER CURIAM

PANEL F: 
HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
February 28, 2008

 











[1]See Tex. R.
App. P. 47.4.





[2]Stevenson initially pled Anot guilty@ to the charged offense, and the
case went to trial.  During the State=s case-in-chief, Stevenson changed
his plea of Anot guilty@ to a nonnegotiated plea of Aguilty.@ 
For purposes of determining the scope of our independent review, we
therefore treat Stevenson=s
plea as an open plea of guilty.  See
Lewis v. State, 911 S.W.2d 1, 4B5 (Tex. Crim. App. 1995) (AA
nonnegotiated guilty plea is conclusive as to the defendant=s
guilt and waives all nonjurisdictional defects occurring prior to the guilty
plea.@).





[3]386 U.S. 738, 87 S. Ct. 1396
(1967).





[4]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).





[5]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991); Mays, 904 S.W.2d at 923.





[6]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).





[7]See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim.
App. 2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).





[8]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005).